ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>JOSÉ E. ACOSTA PAGÁN<br><br>Peticionario | TA2025CE00341 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Casos Núms.:<br>ISCR202500080<br>ISCR202500081<br>ISCR202500082<br><br>Sobre: Art. 6.02 Ley 168 Reclasificado a Art. 6.05; Art. 6.05 Ley 168; y Art. 6.23 Ley 168 Reclasificado a Art. 6.22 |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto y el Juez Campos Pérez

Campos Pérez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de septiembre de 2025.

El Sr. José Enrique Acosta Pagán comparece por derecho propio ante nos, mediante una petición de *certiorari* postsentencia.[1] Solicita que revisemos la *Resolución* dictada por el Tribunal de Primera Instancia, Sala Superior de Mayagüez, el 15 de julio de 2025, notificada el día 17 siguiente.[2] En la referida decisión, el foro primario declaró no ha lugar la solicitud del peticionario para que se le eximiera de las sanciones dinerarias impuestas.

Anticipamos que, por los fundamentos que expondremos, expedimos el recurso discrecional y confirmamos el dictamen impugnado.

**I.**

El peticionario se encuentra confinado en la Institución Ponce 1000, donde extingue una condena de trece (13) años, luego de una alegación preacordada por los delitos del título cometidos el 19 de marzo

---

[1] El señor Acosta Pagán acompañó el escrito con una *Solicitud de declaración para que se exima de pago de arancel por razón de indigencia*. Autorizamos al peticionario a representarse por derecho propio y a litigar *in forma pauperis*.
[2] Véase, la *Resolución* a las págs. 91-92 del expediente ISCR202500080.

de 2024.[3] En lo que atañe, el 9 de mayo de 2025, el juzgador le impuso también al señor Acosta Pagán una pena de restitución de **$750.00** a favor del Estado Libre Asociado de Puerto Rico. En particular, esta cuantía obedeció a que el peticionario, junto a otro coacusado,[4] vendió o traspasó a un agente encubierto de la Policía de Puerto Rico un arma de fuego cargada con municiones[5] por la suma de $1,500.00.[6] Además, al palio de la Ley Núm. 183, *infra,* al señor Acosta Pagán se le ordenó satisfacer una pena especial de $300.00 para el Fondo Especial de Compensación a Víctimas de Delito, por cada uno de los tres cargos imputados de los que se declaró culpable, para un total de **$900.00**.

Así las cosas, el 3 de julio de 2025, el señor Acosta Pagán presentó ante el foro sentenciador un escrito intitulado *Solicitud se exima del pago de restitución y [L]ey 183.*[7] En esencia, indicó que su condición de confinado lo limitaba a generar ingresos para sufragar $1,650.00 y tampoco contaba con propiedades para vender. Afirmó que el impago lo privaría, en su momento, de beneficiarse del privilegio de libertad bajo palabra. Planteó que no cometió delitos que incluyeran daño corporal, enfermedades ni la muerte de un tercero. Puntualizó que las violaciones a la Ley de Armas en las que incurrió no estaban contempladas como parte de los delitos consignados en la Ley 183, *infra,* cuyas víctimas son elegibles para la compensación que estatuye, por lo que aseveró que la imposición de la pena especial no beneficiaría a nadie. Razonó que dichas infracciones no eran elegibles, aunque reconoció que no estaban exentas. A la luz de estas razones, solicitó que se le eximiera del pago de la pena especial y la de restitución.

---

[3] La trilogía de sentencias a cumplirse de manera **consecutiva** son las siguientes: cinco (5) años por cada una de las dos infracciones al Art. 6.05 de la Ley de Armas de Puerto Rico (ISCR202500080 y ISCR202500081) y tres (3) años por la violación del Art. 6.22 del mencionado estatuto (ISCR202500082). Véase, la *Minuta* a la pág. 79 del expediente ISCR202500080 y las respectivas sentencias condenatorias.

[4] En referencia al Sr. Enthuan Matías Orsini.

[5] Véase, la *Acusación* a la pág. 40 del expediente ISCR202500080.

[6] Al peticionario se le condenó a restituir la mitad de esta cifra. Véase, *Escrito en cumplimiento de Orden* de la Oficina del Procurador General, a las págs. 4 y 11.

[7] Véase, el expediente ISCR202500080 a las págs. 88-90.

Ante la denegación de la petición, el señor Acosta Pagán acudió oportunamente ante este tribunal intermedio con un escrito homónimo, acogido como *certiorari*. Si bien el peticionario no formuló un señalamiento de error en concreto, por su contenido se colige que impugna que el foro *a quo* haya denegado de plano su solicitud, sin la celebración de una vista, lo que alega, transgredió su debido proceso de ley. Asimismo, reiteró su petición para la exención de ambas penas.

Emitimos el 26 de agosto de 2025 una *Resolución* en la que solicitamos al Tribunal de Primera Instancia, en calidad de préstamo, los autos del caso ISCR202500080. Por igual, concedimos un breve término a la Oficina del Procurador General para que presentara su postura. El 10 de septiembre de 2025, el recurrido instó un *Escrito en cumplimiento*. Con el beneficio de ambas comparecencias, procedemos a resolver.

**II.**

**A.**

La Regla 185 de Procedimiento Criminal, 34 LPRA AP. II R. 185, permite, entre otras cosas, que el tribunal sentenciador corrija una sentencia ilegal en cualquier momento. Por igual, la norma procesal lo faculta para que, por causa justificada y en bien de la justicia, rebaje una sentencia dentro de los noventa (90) días de haber sido dictada. *Id.* Además, la Regla 192.1 de Procedimiento Criminal, 34 LPRA AP. II R. 192.1, provee un mecanismo para que cualquier persona que se halle detenida en virtud de una sentencia invoque alguno de los fundamentos estatuidos, con el fin de anular, dejar sin efecto o corregir un dictamen. *Id.* Las bases para ello se asientan en que la sentencia fue impuesta en violación a las leyes o la Constitución, el tribunal carecía de jurisdicción, la pena excede la sanción prescrita o la sentencia está sujeta a un ataque colateral por cualquier motivo. *Id.*

Huelga mencionar que la norma procesal está disponible para aquellas personas que fueron convictas luego de una alegación preacordada. *Pueblo* v. *Pérez Adorno,* 178 DPR 946, 964 (2010), que cita

a *Pueblo v. Santiago Agricourt*, 147 DPR 179, 210-211 (1998). Esto, si el promovente cuenta con un planteamiento o una defensa meritoria al amparo del debido proceso de ley. *Pueblo* v. *Rivera Montalvo*, 205 DPR 352, 370 (2020). Ahora, de conformidad con el ordenamiento, **el foro intimado no viene obligado a celebrar una vista para considerar la solicitud**, si tanto de la moción como del expediente del caso surge concluyentemente que el peticionario no tiene derecho a remedio alguno al amparo de esta norma. *Id.*, pág. 371. Por ello, la cuestión a dirimir es, "**si la sentencia impugnada está viciada por un error fundamental que contradice la noción más básica y elemental de lo que constituye un procedimiento criminal justo**". (Énfasis nuestro). *Pueblo* v. *Pérez Adorno, supra,* págs. 965-966.

Por otra parte, al tratarse de una decisión postsentencia en casos criminales, como tribunal revisor intermedio, al examinar este tipo de moción, nos guiamos por los criterios contemplados en la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 62-63. A saber: si la decisión recurrida es contraria a derecho; si la situación amerita analizarse o una consideración más detenida a la luz de los autos originales; si ha mediado prejuicio, error craso o parcialidad; si la etapa del procedimiento es propicia y no causa una dilación o fraccionamiento indeseables; o si la expedición del auto evita un fracaso de la justicia. *Id.*

Como se sabe, es norma asentada que **este tribunal revisor no interviene con las determinaciones emitidas por el foro primario ni sustituye su criterio discrecional**, "*salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que incurrió en error manifiesto*". (Cursivas en el original). *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018); además, *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 771 (2013); *Ramos Milano v. Wal-Mart*, 168 DPR 112, 121 (2006); *Rivera y otros v. Banco Popular*, 152 DPR 140, 155 (2000).

**B.**

El Código Penal de Puerto Rico de 2012, Ley Núm. 146 de 30 de julio de 2012, 33 LPRA 5001 *et seq.*, establece varias penas para las personas naturales. Entre éstas, la **pena de restitución**. Art. 48 del Cód. Penal de 2012, 33 LPRA sec. 5081 (g):

> La pena de restitución consiste en la obligación que el tribunal impone de **compensar** a la víctima los daños y **pérdidas** que le haya ocasionado a su persona o a su propiedad, como consecuencia del delito. La pena de restitución no incluye sufrimientos y angustias mentales.
>
> El tribunal puede disponer que la pena de restitución sea satisfecha en dinero, mediante la prestación de servicios, o la entrega de los bienes ilegalmente apropiados o su equivalente en caso de que no estén disponibles. **En todos estos casos el tribunal deberá tener presente que el convicto cumplirá la pena de restitución con sus bienes presentes y futuros**. En el caso en que la pena de restitución sea satisfecha en dinero, el importe será determinado por el tribunal tomando en consideración: el **total de los daños que habrán de restituirse, la participación prorrateada del convicto, si fueron varios los partícipes en el hecho delictivo**, **la capacidad del convicto para pagar**, y todo otro elemento que permita una fijación adecuada a las circunstancias del caso y a la condición del convicto.
>
> **La pena de restitución debe satisfacerse inmediatamente**. No obstante, a solicitud del sentenciado y a discreción del tribunal, tomando en cuenta la situación económica del convicto, **podrá pagarse en su totalidad o en plazos dentro de un término razonable fijado por el tribunal a partir de la fecha en que ha quedado firme la sentencia**. (Énfasis nuestro). Art. 58 del Cód. Penal de 2012, 33 LPRA sec. 5091.

De otro lado, el Código Penal de 2012 también estatuye la **pena especial**.

> Además de la pena que se impone por la comisión de un delito, **el tribunal impondrá a todo convicto una pena especial equivalente a** cien (100) dólares, por cada delito menos grave y **trescientos (300) dólares por cada delito grave**. La pena aquí dispuesta se pagará mediante los correspondientes comprobantes de rentas internas. Las cantidades así recaudadas ingresarán al Fondo Especial de Compensación a Víctimas de Delito. Esta penalidad se fijará según se dispone en la "Ley para la imposición de la Pena Especial del Código Penal de Puerto Rico". (Énfasis nuestro). Art. 61 del Cód. Penal de 2012, 33 LPRA sec. 5094.

En general, la pena especial se define como "una sanción penal adicional a la pena correspondiente al delito cometido impuesta por el tribunal a todo convicto, de conformidad con las cuantías establecidas a

base de la clasificación del delito". Véase, Sec. 3 (b) de la Ley 34, 4 LPRA sec. 1663 (b). Nuestro alto foro ha acotado que **la pena especial es "inextricablemente parte de la sentencia"**. (Énfasis nuestro). *Pueblo v. Silva Colón*, 184 DPR 759,777 (2012).

Cónsono con lo anterior, la Ley Núm. 183 de 29 de julio de 1998, *Ley de compensación y servicios a las víctimas y testigos de delito*, 25 LPRA sec. 981 *et seq.* (Ley 183), creó una oficina adscrita al Departamento de Justicia para, entre otras cosas, administrar el fondo especial para víctimas y testigos de delito. Art. 4 de la Ley 183, 25 LPRA sec. 981a. El estatuto lista los delitos cuyas víctimas están legitimadas a solicitar la ayuda[8] y regula también los criterios de elegibilidad. Arts. 6 y 8 de la Ley 183, 25 LPRA secs. 981d y 981f. Entre otras fuentes, **el fondo se nutre de las penas especiales impuestas a los condenados por la comisión de delitos menos graves y graves**, según estatuye el Art. 61 del Código Penal de 2012, *supra*. Véase, Art. 15 de la Ley 183, 25 LPRA sec. 981nota (a).

En cuanto a las consideraciones judiciales en torno a la imposición de la pena especial, la Ley Núm. 34 de 27 de agosto de 2021, *Ley para la imposición de la pena especial del Código Penal de Puerto Rico*, 4 LPRA sec. 1661 *et seq.* (Ley 34), promulga la política pública de "igual protección de las leyes a toda persona convicta que por su condición social no pueda satisfacer la pena especial establecida en el Código Penal de Puerto Rico". Sec. 2 de la Ley 34, 4 LPRA sec. 1662. Ello así, de manera que la persona convicta "pueda ser acreedora de los beneficios y privilegios que nuestro ordenamiento jurídico ofrece en pro de su rehabilitación moral y social". *Id.* Al respecto, la Sección 5 de la Ley 34, *supra*, dispone para que, a discreción del tribunal, se establezca el pago de la pena especial mediante plazos. 4 LPRA sec. 1665. De esta manera,

---

[8] A saber: (a) Asesinato; (b) Asesinato atenuado; (c) Homicidio negligente; (d) Agresión sexual; (e) Secuestro; (f) Secuestro agravado; (g) Secuestro de menores; (h) Violencia doméstica; (i) Maltrato de menores; (j) Agresión agravada; (k) Actos lascivos; (l) Robo agravado cuando se le inflige daño físico a la víctima; (m) incendio agravado; y (n) apropiación ilegal cuando la víctima posea 65 años o más.

se abonará de tiempo en tiempo ciertas cantidades de dinero, provenientes de cualquier pago, salario, jornal, compensación, premio o ayuda económica que la persona convicta reciba. *Id.*

Con relación a las exenciones de la pena especial, la Sección 4 de la Ley 34, *supra*, 4 LPRA sec. 1664, reza como sigue:

> El Tribunal *motu proprio* o a solicitud de la persona convicta, podrá eximir del pago de la pena especial del Código Penal de Puerto Rico, siempre y cuando se cumpla con al menos una de las siguientes condiciones:
>
> 1. El Ministerio Público no presenta objeción fundada para que se exima.
>
> 2. **La persona convicta es indigente representado por la Sociedad para la Asistencia Legal, por una institución que ofrezca representación legal gratuita a indigentes, o un abogado de oficio**.
>
> 3. Por fundamento de indigencia constatado a satisfacción del Tribunal.
>
> Se **presumirá la indigencia** cuando la persona convicta, (1) **esté representada por alguna organización, persona o entidad que ofrezca servicios de representación legal a personas de escasos recursos económicos**, o (2) aun cuando cualifique o haya cualificado para estar representada por alguna organización, persona o entidad que ofrezca servicios de representación legal a personas de escasos recursos económicos, por alguna razón no relacionada a sus recursos económicos, no pudo ser representado por estos. (Énfasis nuestro).

Finalmente, el estatuto provee para que la persona ya convicta presente una petición para la celebración de una vista para auscultar si procede o no la exención, el pago a plazos o el saldo total de la pena especial impuesta. **El peticionario deberá exponer las razones para la celebración de dicha vista**, basada en su condición de indigencia o falta de capacidad económica para satisfacer la pena especial correspondiente. Sec. 6 de la Ley 34, 4 LPRA sec. 1666.

**III.**

En la presente causa, el señor Acosta Pagán cuestiona que el Tribunal de Primera Instancia haya denegado, de plano, su solicitud para que se le eximiera del pago de la pena de restitución de $750.00 y la pena especial ascendente a $900.00. Arguye que el foro *a quo* infringió su derecho a un debido proceso de ley al denegar su solicitud sin ordenar la celebración de una vista.

Luego de un análisis detenido, resolvemos que no procede la exención de las penas de restitución y la trilogía de penas especiales, en ausencia de las bases para ello. Veamos.

Como cuestión de umbral, somos del criterio que la moción del peticionario no cumplió con los estándares de las Reglas 185 ni 192.1 de Procedimiento Criminal, *supra.* El peticionario no invocó en su escrito ni satisfizo ninguno de los fundamentos que proveen las referidas normas procesales. Asimismo, surge del expediente ISCR202500080 que, el 15 de noviembre de 2024, la Lcda. Jessica Meléndez Dedos, de la Sociedad para la Asistencia Legal de Mayagüez, evaluó al peticionario. De conformidad con la *Moción informativa sobre indigencia y representación legal* que obra en los autos, **el señor Acosta Pagán "[n]o es indigente y no cualifica para que le representemos. Contrató abogado privado, Lcdo. [Paolo] Pérez Román"**.[9] (Énfasis nuestro). De hecho, un examen de las *Minutas* del procedimiento penal, constatan que el peticionario estuvo, en efecto, representado por dicho abogado. La Ley 34 es clara al pautar que, ante este tipo de escenario, no es presumible la indigencia aquí alegada. Es decir, del expediente se desprende palmariamente que el peticionario fue representado por un abogado privado. Ante esto, el foro primario decidió denegar la exención solicitada, ya que las penas especiales de $900.00 fueron impuestas conforme a derecho.

Según esbozamos, si bien la Ley 34 contempla la probabilidad de indigencia de la persona convicta —de manera que ésta pueda solicitar la exención de la pena especial luego de una sentencia firme— la moción a esos efectos debe estar fundamentada de manera específica para la concesión de la audiencia. En este caso, sin embargo, el señor Acosta Pagán se limitó a alegar meramente indigencia y falta de capacidad económica por su condición de confinado. Incluso, arguyó sobre la

---

[9] Véase, el expediente ISCR202500080 a la pág. 29.

improcedencia de la pena especial. Sobre esto, es meritorio aclarar que el Art. 6 de la Ley 183 no lista los delitos por los cuales deba imponerse la pena especial; eso compete al Art. 61 del Código Penal de 2012. En atención a ello, el foro impugnado no estaba obligado a fijar una vista. Así, pues, es forzoso concluir que no procede intervenir con la sana discreción del tribunal, toda vez que el foro recurrido actuó razonablemente al denegar la exención, sin vista, pues surgía del expediente de manera concluyente la ausencia del derecho al remedio solicitado.

En cuanto a la pena de restitución, el foro de primera instancia adolece de discreción para eximir a un convicto de una sanción penal de restitución válida, la cual dicta la ley que debe satisfacerse inmediatamente. Al igual que la Ley 34 con respecto a la pena especial, el Código Penal de 2012 establece únicamente un margen de discreción judicial para que el foro primario, si así se le solicita, permita el pago a plazos de la cuantía dentro de un término razonable, a base de la situación económica de la persona privada de su libertad. Recuérdese que, en este caso, la pena de restitución de $750.00 impone la obligación del señor Acosta Pagán a devolver al Estado la mitad del dinero que éste y otro coacusado recibieron durante la comisión de los delitos por los cuales el peticionario se declaró culpable. Nótese, además que las penas dinerarias no sólo se satisfacen con los bienes presentes, sino también con los futuros.

**IV.**

Por los fundamentos expuestos, acordamos expedir el auto de certiorari y confirmar la *Resolución* impugnada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones